```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


THOMAS J. SMITH                                CIVIL ACTION

VERSUS                                         NO: 15-1775

KATHY KLIEBERT, ET AL.                         SECTION: "J"(3)
```

### ORDER & REASONS

Before the Court are three *Motions to Dismiss* filed by Defendant Easter Seals Louisiana, Inc., ("Easter Seals") **(Rec. Doc. 12)**, Defendants the State of Louisiana, through its Department of Health and Hospitals ("DHH"), South Central Louisiana Human Services Authority ("SCLHSA"), and Kathy Kliebert, in her official capacity as Secretary of Health and Hospitals **(Rec. Doc. 22)**, and Defendant Lafourche ARC **(Rec. Doc. 37)**; and two oppositions thereto (Rec. Docs. 29, 31) filed by Plaintiff Thomas J. Smith, through his tutrix Carolyn Smith. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the Defendants' motions should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation arises from the DHH's decision to terminate Plaintiff's in-home care that he received as a result of his participation in the Medicaid program entitled the New Opportunities Waiver ("NOW") program. The NOW program, which is administered by the DHH, allocates resources, including in-home

care, to participants based on their level of need. On May 27, 2015, Plaintiff filed his *pro se* Complaint alleging that the Defendants' decision to terminate his in-home care violated his rights under various federal statutes and constitutional provisions. (Rec. Doc. 1)

Plaintiff has previously filed suit against the same Defendants regarding the same causes of action and similar operative facts. In 2012, Plaintiff alleged that the DHH reduced his in-home care from 24 hours per day to 74 hours per week. Plaintiff appealed that reduction to a state administrative law judge at the Louisiana Division of Administrative Law ("DAL"), who affirmed the DHH's decision. In July 2012, Plaintiff filed suit in the Seventeenth Judicial District for the Parish of Lafourche, seeking review of the administrative judge's ruling. That suit is still pending.

On January 9, 2013, Plaintiff filed a *pro se* complaint in this Court, Civil Action No. 12-3057 ("No. 12-3057"), purporting to "transfer" his pending state court action to the federal district court. The magistrate judge construed this as Plaintiff's attempt to remove his own action and recommended that the action be remanded. Plaintiff objected to the magistrate judge's recommendation, explaining that he intended to file a separate action in federal court and erroneously believed that he was required to transfer his pending state

court action in order to do so. This Court sustained Plaintiff's objection and granted him leave to file an amended complaint that included claims under federal statutory or constitutional law. Plaintiff filed his amended complaint on March 1, 2013.

In August 2013, Plaintiff filed a Motion for Emergency Permanent Restraining Order, seeking to have the defendants immediately enjoined from reducing his in-home care hours. After being served, the defendants each filed motions to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. Plaintiff filed identical oppositions to all three motions to dismiss.

On December 16, 2013, this Court granted the defendants' motions to dismiss, holding that Plaintiff had failed to state a claim upon which relief could be granted and that this Court lacked subject matter jurisdiction to hear Plaintiff's claims. The United States Court of Appeals for the Fifth Circuit affirmed the judgment against Plaintiff on September 9, 2014. Finally, the United States Supreme Court denied certiorari on February 23, 2015.

In the instant case, Plaintiff again alleges that the Defendants violated his rights, this time by terminating his in-home care rather than simply reducing it. On June 6, 2014, DHH sent Plaintiff a letter discharging him from the NOW program

3

because of his alleged noncompliance with NOW program policies and Medicaid regulations. (Rec. Doc. 19-6) Plaintiff did not appeal this decision to a state administrative law judge. After all litigation concerning No. 12-3057 had ceased, on March 12, 2015, Medicaid terminated funding to Plaintiff's NOW waiver. Plaintiff appealed the termination; however, Plaintiff failed to attend his appeal hearing, resulting in the administrative law judge upholding the termination.[1] (Rec. Doc. 19-8) Plaintiff did not seek judicial review of this administrative ruling in state court.

On July 6, 2015, Plaintiff filed a Motion for Emergency Preliminary Injunction (Rec. Doc. 9), seeking to have the Defendants immediately enjoined from terminating his in-home care and to restore his in-home care to 24 hours per day. Defendants' opposed Plaintiff's motion. (Rec. Docs. 17, 19) Defendants filed the instant *Motions to Dismiss* **(Rec. Docs. 12, 22, 37)** arguing that the Court must dismiss Plaintiff's claims for lack of subject matter jurisdiction, failure to state a claim upon which relief could be granted, insufficient service of process, as "frivolous or malicious" under 28 U.S.C. § 1915, and as barred by *res judicata*. Plaintiff timely opposed the motion filed by Easter Seals and the motion by DHH, SCLHSA, and

---

[1] The administrative law judge's decision terminating Plaintiff's appeal was rendered on May 28, 2015, after Plaintiff had already filed his Complaint in the instant case.

4

Kliebert. (Rec. Docs. 29, 31) Because Lafourche ARC's motion is set for hearing on August 26, 2015, the deadline for Plaintiff to file a response has not yet passed. The arguments raised by Lafourche ARC, however, are nearly identical to those raised in the other Defendants' motions. Therefore, the Court will consider all three motions together.

## PARTIES' ARGUMENTS

The Defendants present a litany of arguments in support of their motions to dismiss. First, the Defendants argue that this Court lacks subject matter jurisdictions over Plaintiff's claims that seek federal court review of the state administrative decision to terminate Plaintiff's NOW benefits. Second, Defendants argue that Plaintiff failed to properly serve them with process by simply sending the Complaint to Defendants by mail. Third, Defendants argue that Plaintiff fails to state a claim upon which relief may be granted. Fourth, Defendants argue that Plaintiff's claims must be dismissed under 28 U.S.C. § 1915 because the Complaint in this *in forma pauperis* action is frivolous or malicious. Lastly, Defendants argue that Plaintiffs federal claims are barred by the doctrine of *res judicata* because the same claims were properly dismissed by this Court in No. 12-3057.

Plaintiff generally opposes Defendants' motions. First, Plaintiff argues that the Complaint "not only meets but exceeds

the standards" set forth in Rule 8 of the Federal Rules of Civil Procedure. Second, in response to Defendants' argument that this Court lacks subject matter jurisdiction, Plaintiff argues that the causes of action in this case "arise under Medicaid, Federal Laws, and the Constitution." (Rec. Doc. 31, p. 4) According to Plaintiff, a Medicaid recipient is not required to exhaust Louisiana's procedure for judicial review before filing a lawsuit in federal court. Third, Plaintiff argues that his claims are not barred by res judicata because "this is a new case" and he "[has] not otherwise litigated the issue before this Court and [has] never received a decision on this issue." (Rec. Doc. 29, p.2; Rec. Doc. 31, p. 6)  Plaintiff's oppositions do not address Defendants' arguments regarding insufficient service of process or dismissal pursuant to 28 U.S.C. § 1915.

## **LEGAL STANDARD**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a facial challenge

to a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003); *see also*,13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (3d ed. 2008). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. Although *pro se* plaintiffs are held to less stringent standards than those represented by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

7

to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## DISCUSSION

The Fifth Circuit summarized the law applicable to this case in Plaintiff's previous appeal, *Smith ex rel. Smith v. Department of Health & Hospitals Louisiana*, 581 F. App'x 319 (5th Cir. 2014).

> As an initial matter, to the extent that Smith seeks review in federal court of the Department's decision to reduce his benefits under the NOW program, his claims do not raise a federal issue and were rightly dismissed for lack of subject matter jurisdiction. *See Vinson v. La. Sec'y of Health and Hosps.,* 2009 WL 1406296, *1–2 (W.D. La. May 19, 2009); *Mashburn v. La. Dep't of Soc. Servs.,* 1993 WL 192122, *1 (E.D. La. June 1, 1993). Under Louisiana law, a plaintiff aggrieved by a final decision of the Department must seek review "in *state,* as opposed to federal, court." *Mashburn,* 1993 WL 192122 at *1; *see also* La. Rev. Stat. § 46:107(C) ("[A]n applicant or recipient may obtain judicial review [of an adverse administrative decision] by filing a petition for review of the decision in the Nineteenth Judicial District Court or the district court of the domicile of the applicant or recipient."). Thus, as the district court correctly noted, Smith must continue to pursue these claims in state court.

*Id.* at 320. In the instant case, Plaintiff seeks review in federal court of the DHH's decision to terminate his benefits under the NOW program. It makes no difference whether the decision was to reduce his in-home care form 24 hours per day to 74 hours per week, as was the case in No. 12-3057, or to terminate his in-home care altogether, as is the case here.

8

Plaintiff's claims do not raise a federal issue; he must seek review in state court.

Regarding Plaintiff's claims under federal law, the Court agrees with Defendants that Plaintiff has failed to state a claim upon which relief can be granted. The Court finds that the Complaint only includes conclusory allegations and a general listing of federal statutes that are not connected to any specific facts and do not appear to state a cognizable claim. In fact, other than in the caption, the Complaint does not mention Easter Seals, SCLHSA, or Lafourche ARC at all. Just as in No. 12-3057, Plaintiff refers to the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794, both of which prohibit discrimination on the basis of disability; however, Plaintiff's allegations that his NOW benefits were terminated do not indicate that he was discriminated against in any way.

Plaintiff also claims a violation of 42 U.S.C. § 1983, which requires proof that Defendants violated one of Plaintiff's federal statutory or constitutional rights. *See Webster v. City of Houston*, 735 F.2d 838, 844 (5th Cir. 1984). Similarly, Plaintiff claims that "denial of notification of an Appeal" violates the Medicaid Act and the Fifth and Fourteenth Amendments to the United States Constitution. However, Plaintiff provides no facts in connection with this claim.

Just as they were in Plaintiff's previous complaint, Plaintiff's claims in this Complaint are conclusory and insufficient. "Without connecting the alleged facts to the alleged rights, Smith argues only that his benefits were reduced and that this reduction amounts to a violation of his federal statutory and constitutional rights. The proper response to such conclusory allegations is dismissal for failure to state a claim." *Smith*, 581 F. App'x at 321 (citing *Iqbal*, 556 U.S. at 678).

Because the Court concludes that it lacks subject matter jurisdiction over Plaintiff's state law claims and that Plaintiff's federal law allegations do not state a plausible claim upon which relief can be granted, the Court need not consider whether Plaintiff failed to properly serve Defendants with process or if the doctrine of *res judicata* applies in this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Easter Seals' *Motion to Dismiss* **(Rec. Doc. 12)**; DHH, SCLHSA, and Kliebert's *Motion to Dismiss* **(Rec. Doc. 22)**; and Lafourche ARC's *Motion to Dismiss* **(Rec. Doc. 37)** are **GRANTED**. The above-captioned action is **DISMISSED**. Plaintiff's claim seeking review of the DHH's decision to terminate his benefits under the NOW program, over which this

Court lacks subject matter jurisdiction, is **DISMISSED without prejudice**. Plaintiff's federal allegations, which do not state a plausible claim upon which relief can be granted, are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Emergency Preliminary Injunction* **(Rec. Doc. 9)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' *Motion for Leave to File Reply to Plaintiff's Opposition* **(Rec. Doc. 38)** is **DENIED as moot**.

New Orleans, Louisiana this 12th day of August, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE